UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRISTOPHER HARRIS,

                        Plaintiff,

     v.

CITY OF SEATTLE, *et al.*,

                        Defendants.

Case No. C24-0048-BHS-SKV

ORDER TO SHOW CAUSE

## I. INTRODUCTION

Plaintiff Christopher Harris submitted to the Court for filing a civil rights complaint under 42 U.S.C. § 1983 and an application for leave to proceed with this action *in forma pauperis*. *See* Dkts. 1, 8. At the time Plaintiff submitted these documents to the Court for consideration he was confined at the Federal Detention Center in SeaTac, Washington, where he was serving a sentence imposed following his conviction in *United States v. Harris*, No. CR23-019-RAJ (W.D. Wash.).[1] *See* Dkt. 8-1 at 1. Plaintiff has since been released from custody. *See*

---

[1] The Court takes judicial notice that Harris was a defendant in a criminal case in this district, *United States v. Harris*, No. CR23-019-RAJ (W.D. Wash.). *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have

ORDER TO SHOW CAUSE - 1

1    Dkt. 13.  This matter is now before the Court for purposes of screening Plaintiff's complaint.[2]

## II.    DISCUSSION

### A.    Plaintiff's Claims

Plaintiff submitted his civil rights complaint to the Court for filing on January 10, 2024.  *See* Dkt. 1.  The claims asserted therein arise out of Plaintiff's pretrial supervision in the criminal action pursuant to which he was confined at the time he filed this action.  Plaintiff identifies as Defendants in his complaint Assistant United States Attorney Jocelyn Cooney, U.S. Probation Officer Lisa Combs, U.S. Probation Location Monitor Specialist Julie Jansen, City of Seattle Mayor Bruce Harrell, the City of Seattle, and the City of Tukwila.  *See* Dkt. 8-1 at 2-4; *see also* Dkt. 7.  Plaintiff seeks declaratory relief, monetary damages, reasonable attorney's fees, and a directive that Defendants Cooney, Combs, and Jansen be fired.  Dkt. 8-1 at 13-14.

Plaintiff alleges in his complaint that Defendants Cooney, Combs, and Jansen illegally obtained confidential information about him from an employee of American Behavioral Health System ("ABHS"), a residential substance abuse treatment facility, and attempted to use that information to deprive Plaintiff of his liberty.  *See* Dkt. 8-1 at 4-11.  Plaintiff asserts that he was discharged from inpatient treatment at ABHS on June 7, 2023, and that he appeared for a hearing before U.S. Magistrate Judge Brian Tsuchida on June 20, 2023, at which time Defendants used the illegally obtained information to attempt to have him placed back into federal custody.  *Id*. at

---

a direct relation to the matters at issue" (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)) .

[2] Plaintiff requests that this action be adjudicated in the Tacoma division of the U.S. District Court for the Western District of Washington because of the potential for conflict of interest should this case proceed in the Seattle division.  *See* Dkt. 8-1 at 2.  Plaintiff cites to the proximity of this Court to the proceedings in the criminal case and to Defendants.  *See id*.  However, the case was properly assigned in accordance with the Local Rules of this Court, *see* LCR 3(d)-(e), and Plaintiff has not shown that a transfer to Tacoma would address the proximity concerns given that the Seattle and Tacoma divisions of this Court work together in the same district.

ORDER TO SHOW CAUSE - 2

5-6. Plaintiff claims that Defendants' use of the information illegally obtained from the ABHS employee violated his right to be free from illegal searches and seizures. *See id*.

Plaintiff further alleges that when Defendants were unsuccessful in their efforts to persuade Judge Tsuchida to have him taken back into custody based on the information illegally obtained from ABHS, they falsely accused him of violating the terms of his supervised release by driving recklessly while returning home from inpatient treatment on June 7, 2023, and again argued that Plaintiff needed to be placed back into custody. Dkt. 8-1 at 6-7. Plaintiff asserts that when Judge Tsuchida declined to return him to custody, Defendants punished him with additional bond conditions, including taking away his driving privileges. *Id*. at 7. Plaintiff claims that removing his driving privileges based upon alleged traffic offenses that he never committed violated his due process rights. *Id*. Plaintiff further claims that the removal of his driving privileges caused him physical harm because he was forced to walk to the store for supplies which exacerbated a pre-existing spinal injury. *See id*. at 7-8.

Plaintiff alleges that Defendants, through their unprofessional conduct, eventually succeeded in having his pre-trial supervision revoked. Dkt. 8-1 at 9. He further alleges that at the time he was sentenced on the underlying criminal offense, U.S. District Judge Richard A. Jones, denied the U.S. Probation Officer's recommendation for a sentence of time served and instead imposed an 8-month prison sentence, because of the number of violations he received while on pre-trial supervision. *Id*. Plaintiff maintains that the alleged traffic offense played a part in the sentencing decision as the Judge specifically referenced the traffic offense at the time of sentencing. *Id*. at 9-10.

ORDER TO SHOW CAUSE - 3

Finally, Plaintiff alleges in his complaint that Mayor Harrell, the City of Seattle, and the City of Tukwila are liable in this action based on their failure to properly train and supervise the individually named Defendants. *See* Dkt. 8-1 at 11-13.

**B.     Background**

A review of this Court's records reveals that Plaintiff has filed two prior actions in this district in which he alleged that defendants violated his civil rights by disclosing confidential medical information obtained from ABHS and by seeking revocation of his driving privileges in his criminal proceeding, CR23-019-RAJ. *See Harris v. Combs*, No. C23-988-KKE (W.D. Wash.); *Harris v. Jansen*, No. C23-1055-KKE (W.D. Wash.). In both cases, Plaintiff named U.S. Probation employees Lisa Combs and Julie Jansen as defendants, and in both cases Plaintiff referenced the prosecutor prosecuting his federal criminal case as an additional defendant.[3] *See id*. On September 29, 2023, the those two actions were consolidated. *See Harris*, No. C23-988-KKE, Dkt. 18; *Harris*, No. C23-1055-KKE, Dkt. 19.

On January 29, 2024, U.S. District Judge Kymberly K. Evanson ordered that the consolidated action be dismissed. *Harris*, No. C23-988-KKE, Dkt. 35. Judge Evanson concluded that Plaintiff failed to allege a plausible constitutional claim arising out of the purported disclosure of his confidential medical information to defendants. *See id*. at 4. Judge Evanson went on to address a series of motions filed by Plaintiff seeking to add claims and defendants to that action, concluding that it would be futile to grant Plaintiff leave to amend. *See id*. at 4-7.

---

[3] Plaintiff subsequently identified the prosecutor as Jocelyn Cooney. *See Harris*, No. C23-988-KKE, Dkts. 21, 34.

ORDER TO SHOW CAUSE - 4

In particular, Judge Evanson noted that while Plaintiff was seeking to add the City of Seattle and the City of Tukwila as defendants on the grounds that those municipalities employed the individual defendants named in the action, the individual defendants were all federal employees and not employees of the named cities.  *See Harris*, No. C23-988-KKE, Dkt. 35 at 5.  Judge Evanson noted as well that while Plaintiff requested leave to amend his complaint to add the Seattle mayor, he had not alleged facts explaining how the mayor was implicated in that action.  *Id*.  Finally, Judge Evanson explained that any intended challenges to pretrial rulings or the sentence imposed in Plaintiff's criminal case were not properly before the Court in the context of a civil rights action.  *Id*. at 5-7.

**C.    Analysis**

A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true."  *See Bell Atlantic Corp. v. Twombly*, 540 U.S. 544, 555 (2007) (citations omitted).  In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal.  *Id*. at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  A complaint may also be dismissed for failure to state a claim if it discloses some fact or complete defense that will necessarily defeat the claim.  *Franklin*, 745 F.2d at 1228-29.

ORDER TO SHOW CAUSE - 5

It appears from the face of Plaintiff's complaint and a review of this Court's records that *res judicata* bars re-litigation of the claims asserted in this action. The doctrine of *res judicata* "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citing *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). *Res judicata* is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Id*. Identity of claims exists when two suits arise from "the same transactional nucleus of facts." *Id*. at 714. Privity between parties exists when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (citations omitted).

The claims asserted by Plaintiff in this action are clearly related to the claims adjudicated by Judge Evanson in case C23-988-KKE. Plaintiff attempts to challenge herein the same alleged unlawful conduct by the same U.S. Probation employees and prosecutor, related to the same pretrial rulings and the sentencing in Plaintiff's federal criminal proceeding. The prior consolidated action has now been dismissed with prejudice and judgement has been entered. It thus appears that the doctrine of *res judicata* is applicable to this case and bars re-litigation of Plaintiff's claims.

### D. Conclusion

Based on the foregoing, the Court hereby ORDERS as follows:

(1) Plaintiff shall show cause not later than ***April 5, 2024***, why the instant complaint and action should not be dismissed with prejudice pursuant to the doctrine of *res judicata*.

Plaintiff is advised that his failure to timely respond to this Order will result in a recommendation that this action be dismissed for failure to prosecute.

(2) Plaintiff's proposed motions (Dkts. 6, 7, 9, 10, 11) are STRICKEN from the Court's calendar pending receipt of Plaintiff's response to this Order.

(3) The Clerk is directed to send copies of this Order to Plaintiff and to the Honorable Benjamin H. Settle. The Clerk is further directed to note this matter on the Court's calendar for consideration of Plaintiff's response to the Order to Show Cause on *April 5, 2024*.

DATED this 5th day of March, 2024.

S. KATE VAUGHAN
United States Magistrate Judge

ORDER TO SHOW CAUSE - 7