1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8   CHRISTOPHER HARRIS,

9                                    Plaintiff,          Case No. C24-048-BHS-SKV

10          v.

11   CITY OF SEATTLE, *et al*.            REPORT AND RECOMMENDATION

12                                    Defendants.

13

14                    **I.     INTRODUCTION**

15          Plaintiff Christopher Harris is currently confined at the Federal Detention Center in

16   SeaTac, Washington ("FDC SeaTac"), pursuant to a judgment for revocation of supervised

17   release entered in *United States v. Harris*, No. CR23-019-RAJ (W.D. Wash.), on April 5, 2024.[1]

18   Plaintiff filed the instant action while serving his original sentence at FDC SeaTac.  *See* Dkt. 8-1

19   at 1.  He was subsequently released from confinement and has now been reincarcerated.  *See*

20

21   ---

[1] The Court takes judicial notice that Harris was a defendant in a criminal case in this district, *United States v. Harris*, No. CR23-019-RAJ (W.D. Wash.). *See U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) (federal courts may "take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue" (quoting *St. Louis Baptist Temple, Inc. v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979)) .

REPORT AND RECOMMENDATION
PAGE - 1

Dkts. 13, 17. Plaintiff previously submitted a prisoner civil rights complaint to the Court for filing. After screening Plaintiff's complaint, the Court issued an Order directing Plaintiff to show cause why the instant complaint and action should not be dismissed pursuant to the doctrine of *res judicata* (Dkt. 15), and Plaintiff filed a response (Dkt. 18).

The Court, having now reviewed Plaintiff's submissions, and the balance of the record, concludes that Plaintiff is seeking to re-litigate in this action claims previously adjudicated in *Harris v. Combs*, No. C23-988-KKE (W.D. Wash.). This Court therefore recommends that Plaintiff's complaint (Dkt. 8-1) and this action be DISMISSED with prejudice pursuant to the doctrine of *res* judicata.

## II.    BACKGROUND

### A.    Plaintiff's Current Complaint

Plaintiff submitted his complaint to the Court for filing on January 10, 2024. *See* Dkt. 1. He asserted therein claims arising out of his pretrial supervision in the criminal action pursuant to which he is currently confined. Plaintiff identified Assistant United States Attorney Jocelyn Cooney, U.S. Probation Officer Lisa Combs, U.S. Probation Location Monitor Specialist Julie Jansen, City of Seattle Mayor Bruce Harrell, the City of Seattle, and the City of Tukwila as Defendants in his complaint. *See* Dkt. 8-1 at 2-4; *see also* Dkt. 7. Plaintiff requested declaratory relief, monetary damages, reasonable attorney's fees, and a directive that Defendants Cooney, Combs, and Jansen be fired. Dkt. 8-1 at 13-14.

Plaintiff alleged in his complaint that Defendants Cooney, Combs, and Jansen illegally obtained confidential information about him from an employee of American Behavioral Health System ("ABHS"), a residential substance abuse treatment facility, and attempted to use that information to deprive Plaintiff of his liberty. *See* Dkt. 8-1 at 4-11. Plaintiff asserted that he was

REPORT AND RECOMMENDATION
PAGE - 2

1    discharged from inpatient treatment at ABHS on June 7, 2023, and that he appeared for a hearing

2    before U.S. Magistrate Judge Brian Tsuchida on June 20, 2023, at which time Defendants used

3    the illegally obtained information to attempt to have him placed back into federal custody. *Id*. at

4    5-6. Plaintiff claimed that Defendants' use of the information illegally obtained from the ABHS

5    employee violated his right to be free from illegal searches and seizures. *See id*.

6    Plaintiff further alleged that when Defendants were unsuccessful in their efforts to

7    persuade Judge Tsuchida to have him taken back into custody based on the information illegally

8    obtained from ABHS, they falsely accused him of violating the terms of his supervised release

9    by driving recklessly while returning home from inpatient treatment on June 7, 2023, and again

10   argued that Plaintiff should be placed back into custody. Dkt. 8-1 at 6-7. Plaintiff asserted that

11   when Judge Tsuchida declined to return him to custody, Defendants punished him with

12   additional bond conditions, which included taking away his driving privileges. *Id*. at 7. Plaintiff

13   claimed that removing his driving privileges based upon alleged traffic offenses that he never

14   committed violated his due process rights. *Id*. Plaintiff further claimed that the removal of his

15   driving privileges caused him physical harm because he was forced to walk to the store for

16   supplies which exacerbated a pre-existing spinal injury. *See id*. at 7-8.

17   Plaintiff alleged that Defendants, through their unprofessional conduct, eventually

18   succeeded in having his pre-trial supervision revoked. Dkt. 8-1 at 9. He further alleged that at

19   the time he was sentenced on the underlying criminal offense, U.S. District Judge Richard A.

20   Jones, denied the U.S. Probation Officer's recommendation for a sentence of time served and

21   instead imposed an 8-month prison sentence, because of the number of violations Plaintiff

22   received while on pre-trial supervision. *Id*. Plaintiff maintained that the alleged traffic offense

23

REPORT AND RECOMMENDATION
PAGE - 3

played a part in the sentencing decision as the Judge specifically referenced the traffic offense at the time of sentencing. *Id*. at 9-10.

Finally, Plaintiff alleged that Mayor Harrell, the City of Seattle, and the City of Tukwila are liable in this action based on their failure to properly train and supervise the individually named Defendants. *See* Dkt. 8-1 at 11-13.

**B.    Plaintiff's Prior Actions**

This Court's records reveal that Plaintiff filed two prior actions in this district in which he alleged that defendants violated his civil rights by disclosing confidential medical information obtained from ABHS and by seeking revocation of his driving privileges in his criminal proceeding, CR23-019-RAJ. *See Harris*, No. C23-988-KKE; *Harris v. Jansen*, No. C23-1055-KKE (W.D. Wash.). In both cases, Plaintiff named U.S. Probation employees Lisa Combs and Julie Jansen as defendants, and in both cases Plaintiff referenced the prosecutor prosecuting his federal criminal case as an additional defendant.[2] *See id*. On September 29, 2023, those two actions were consolidated. *See Harris*, No. C23-988-KKE, Dkt. 18; *Harris*, No. C23-1055-KKE, Dkt. 19.

On January 29, 2024, U.S. District Judge Kymberly K. Evanson ordered that the consolidated action be dismissed. *Harris*, No. C23-988-KKE, Dkt. 35. Judge Evanson concluded that Plaintiff failed to allege a plausible constitutional claim arising out of the purported disclosure of his confidential medical information to defendants. *See id*. at 4. Judge Evanson went on to address a series of motions filed by Plaintiff seeking to add claims and

---

[2] Plaintiff subsequently identified the prosecutor as Jocelyn Cooney. *See Harris*, No. C23-988-KKE, Dkts. 21, 34.

REPORT AND RECOMMENDATION
PAGE - 4

defendants to that action, concluding that it would be futile to grant Plaintiff leave to amend. *See id*. at 4-7.

In particular, Judge Evanson noted that while Plaintiff sought to add the City of Seattle and the City of Tukwila as defendants on the grounds that those municipalities employed the individual defendants named in the action, the individual defendants were all federal employees and not employees of the named cities. *See Harris*, No. C23-988-KKE, Dkt. 35 at 5. Judge Evanson noted as well that while Plaintiff requested leave to amend his complaint to add the Seattle mayor, he had not alleged facts explaining how the mayor was implicated in that action. *Id*. Finally, Judge Evanson explained that any intended challenges to pretrial rulings or the sentence imposed in Plaintiff's criminal case were not properly before the Court in the context of a civil rights action. *Id*. at 5-7.

### C.    Order to Show Cause

Based on the claims asserted by Plaintiff in the instant action, and the litigation history set forth above, this Court, on March 5, 2024, issued an Order directing Plaintiff to Show Cause why his complaint and this action should not be dismissed pursuant to the doctrine of *res judicata*.[3]  *See* Dkt. 15.  The Court described therein the doctrine of *res judicata*, identified the factors governing application of the doctrine, and explained why it appeared the instant action was subject to dismissal under that doctrine.  *See id*.

Plaintiff filed a response to the Order to Show Cause on March 28, 2024, in which he largely reiterates the allegations set forth in his complaint.  *See* Dkt. 18.  He also argues vigorously that Defendants suppressed "vital evidence" relating to the new law violations he was

---

[3] On the same date, the Court granted Plaintiff leave to proceed with this action *in forma pauperis*. *See* Dkts. 8, 16.

REPORT AND RECOMMENDATION
PAGE - 5

accused of at the hearing before Judge Tsuchida on June 20, 2023, and he claims that this alleged misconduct violated *Brady v. Maryland*, 373 U.S. 83 (1963). *See id*. at 6-8. Plaintiff asks that he be permitted to proceed with this action in light of the due process violations alleged in his complaint and in his response to the Order to Show Cause. *See id*. at 8.

## III.    DISCUSSION

A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic Corp. v. Twombly*, 540 U.S. 544, 555 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Dismissal may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint may also be dismissed for failure to state a claim if the pleading, or the Court's records, disclose some complete defense that will necessarily defeat the Plaintiff's claims. *Franklin v. Murphy*, 745 F.2d 1221, 1228-29 (9th Cir. 1984).

The doctrine of *res judicata* "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (citing *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). *Res judicata* is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) privity between parties. *Id*. Identity of claims

REPORT AND RECOMMENDATION
PAGE - 6

exists when two suits arise from "the same transactional nucleus of facts." *Id*. at 714. Privity between parties exists when a party is "so identified in interest with a party to former litigation that he represents precisely the same right in respect to the subject matter involved." *In re Schimmels*, 127 F.3d 875, 881 (9th Cir. 1997) (citations omitted).

As the Court explained in its Order to Show Cause, the claims asserted in this action are clearly related to the claims adjudicated by Judge Evanson in case C23-988-KKE. *See* Dkt. 15 at 6. Plaintiff seeks to challenge herein the same alleged unlawful conduct by the same U.S. Probation employees and prosecutor, related to the same pretrial rulings and the sentencing in Plaintiff's federal criminal proceeding. The prior consolidated action has been dismissed with prejudice and judgement has been entered. Based on these facts, this Court concludes that the doctrine of *res judicata* is applicable to this case and bars re-litigation of Plaintiff's claims.

Because Plaintiff's complaint, when viewed in light of this Court's records of Plaintiff's prior litigation activities, demonstrates that the claims asserted in this action are barred by the doctrine of *res judicata*, this Court recommends that Plaintiff's complaint, and this action, be dismissed for failure to state a claim. *See Franklin*, 745 F.2d 1228-29. A proposed Order accompanies this Report and Recommendation.

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21) days** of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motions calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14) days** after service of objections. If no timely objections are filed, the matter

will be ready for consideration by the District Judge on **May 10, 2024**.

DATED this 17th day of April, 2024.


S. KATE VAUGHAN
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 8