UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CHRISTOPHER W. HARRIS,

        Plaintiff,

  v.

CITY OF SEATTLE, et al.,

        Defendants.

CASE NO. C24-0048 BHS

ORDER

THIS MATTER is before the Court on Magistrate Judge S. Kate Vaughan's Report and Recommendation (R&R), Dkt. 19, recommending the Court dismiss incarcerated pro se plaintiff Christopher Harris's complaint with prejudice and without leave to amend because it is barred by res judicata. She specifically concludes that this case is barred by the final judgment dismissing with prejudice and without leave to amend a prior case[1] arising out of the same facts, and involving similar claims and parties, *Harris v. Combs, et al.*, No. C23-0988 KKE (W.D. Wash. Jan. 29, 2024).

---

[1] Pro se plaintiff Christopher William Harris has now filed twelve cases in this District since 2019:
    *Harris v. Cascade District Court, et al.*, No. C19-0038 RSM
    *Harris v. Perez, et al.*, No. C21-1335 BHS

ORDER - 1

1       Harris was indicted in February 2023 for pointing lasers at aircraft at the
2   Arlington Airport. *United States v. Harris*, No. CR23-0019 RAJ, Dkt. 1. He ultimately
3   pled guilty, Dkt. 57, was incarcerated and released. He violated the terms of his
4   supervised release, and is currently at the Federal Detention Center (FDC). Harris has
5   appealed the revocation of his supervised release. Dkt. 93 in the criminal case.

6       Harris's claims in this case (and most of his other cases) arise out of his detention
7   in connection with the underlying charges, and revocation of his supervised release.
8   Harris contends in this case that he remains incarcerated at FDC, and that defendants
9   Jocelyn Cooney (a federal prosecutor), Lisa Combs (a probation officer), and Julie Jansen
10  (a U.S. Probation Location Monitor Specialist) violated his constitutional rights in
11  connection with his prosecution, pre-trial detention, supervised release, and revocation.
12  Dkt. 19 at 2–4.

13      The R&R also describes Harris's prior actions arising out of the same facts, his
14  efforts to amend those actions, and Judge Vaughan's prior Order to Show Cause why this
15  action should not be dismissed as barred by res judicata. Dkt. 19 at 5 (citing Dkt. 15). It
16  concludes that all of Harris's claims in this case were or could have been raised in his

17

---

18  *Harris v. Milner, et al.*, No. C21-1417 BJR
    *Harris v. Combs, et al.*, No. C23-0988 KKE
19  *Harris v. American Behavioral Health Systems, et al.*, No. C23-0989 KKE
    *Harris v. Washington, et al.*, No. C23-1928 TSZ
20  *Harris v. City of Everett, et al.*, No. C23-1950 DGE
    *Harris v. Jansen, et al.*, No. C23-1055 KKE (consolidated with No. C23-0988 KKE,
21  above)
    *Harris v. American Family Insurance, et al.*, No. C23-1052 RSL
22  *Harris v. American Behavioral Health Systems, et al.*, No. 23-2006 MJP
    *Harris v. Neal, et al.*, No. C24-0467 RAJ

ORDER - 2

1  prior cases, which have been dismissed with prejudice. *Id*. at 6–7. It recommends the

2  Court dismiss this case with prejudice and without leave to amend.

3        Harris's objections do not address res judicata or the R&R's reasoning. Dkt. 20.

4  He asserts only that because he failed to state a viable claim, "nothing has been

5  previously litigated or re-litigated." *Id*. at 1–2. He seeks a lenient view of his claims

6  because he is pro se. *Id*.

7        A district judge must determine de novo any part of a magistrate judge's proposed

8  disposition to which a party has properly objected. It must modify or set aside any portion

9  of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The district

10 judge may accept, reject, or modify the recommended disposition; receive further

11 evidence; or return the matter to the magistrate judge with instructions. Fed. R. Civ. P.

12 72(b)(3).

13       A proper objection requires "specific written objections to the proposed findings

14 and recommendations" in the R&R. Fed. R. Civ. P. 72(b)(2). In providing for a de novo

15 determination, Congress "intended to permit whatever reliance a district judge, in the

16 exercise of sound judicial discretion, chose to place on a magistrate's proposed findings

17 and recommendations." *United States v. Raddatz*, 447 U.S. 667, 676 (1980) (internal

18 quotation marks omitted). Thus, the district court is required only to indicate that it

19 reviewed the record de novo and found no merit to the objections, in order to summarily

20 adopt the R&R's analysis. *United States v. Ramos*, 65 F.4th 427, 433 (9th Cir. 2023). A

21 district court is not obligated to "expressly address" every objection. *Id*. at 437.

22

ORDER - 3

Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from re-litigating issues that were or which could have been raised in that action. *Allen v. McCurry*, 449 U.S. 90, 94 (1980). The doctrine of res judicata bars a party from re-filing a case where three elements are met: (1) identity of claims; (2) final judgment on the merits; and (3) identity or privity between parties. *Frank v. United Airlines, Inc.*, 216 F.3d 845, 850 n.4 (9th Cir. 2000).

Harris's claims against defendants Cooney, Combs, and Janssen in this case were asserted and dismissed with prejudice in the prior litigation. Any differing claims or parties could similarly have been asserted there. Harris has not demonstrated (as he must) that the R&R's legal conclusions are clearly erroneous or contrary to law. Rule 72(a). The R&R's conclusion that the current claims are barred by the prior dismissal with prejudice is correct.

Accordingly, the R&R is **ADOPTED** and Harris's claims are **DISMISSED** with prejudice and without leave to amend.

The Clerk shall enter a **JUDGMENT** and close the case.

**IT IS SO ORDERED**.

Dated this 28th day of May, 2024.

BENJAMIN H. SETTLE
United States District Judge

ORDER - 4